IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDITH OPAL BATTLES                                                    PLAINTIFF

v.                              CIVIL NO. 21-cv-2092

KILOLO KIJAKAZI, [1] Acting Commissioner                             DEFENDANT
Social Security Administration

## <u>MEMORANDUM OPINION</u>

Plaintiff, Edith Opal Battles, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.       Procedural Background

Plaintiff protectively filed her application for SSI on May 9, 2018. (Tr. 10). In her application, Plaintiff alleged disability beginning on December 30, 2016, due to HPV, hepatitis B, hysterectomy, fibromyalgia, endometriosis, whiplash and residual nerve damage, remission from cervical cancer, pain in left elbow, mood swings, depression, anxiety, arthritis, and irritability.  (Tr. 10, 219). An administrative hearing was held via telephone on June 30, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 10, 33–68). A vocational expert (VE) also testified at the hearing.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On October 7, 2020, the ALJ issued an unfavorable decision. (Tr. 7–20).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease status-post discectomy, mood disorder, and anxiety disorder. (Tr. 12–13). Plaintiff's medically determinable impairments of cervical cancer, hepatitis B, fibromyalgia, whiplash or nerve damage, left elbow impairment, and arthritis were found to be nonsevere. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13–15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she could occasionally stoop, crouch, bend, kneel, crawl, and balance. The claimant could not climb ropes, ladders, or scaffolding. The claimant could perform simple, routine, and repetitive work with supervision that was simple, direct, and concrete. Finally, the claimant could have frequent contact with co-workers and supervisors, but only occasional interaction with the public.
> (Tr. 15–18).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work, but could perform the requirements of the representative occupations of motel cleaner or marker. (Tr. 18–19). The ALJ found Plaintiff was not disabled from May 9, 2018, through the date of his decision. (Tr. 19-20). Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff presents the following points on appeal: 1) whether the ALJ fully and fairly developed the record; 2) whether the ALJ erred by failing to consider all of the evidence, including evidence which detracted from his findings; 3) whether the ALJ erred in assessing Plaintiff's subjective complaints; 4) whether the ALJ erred in assessing the medical opinions; and 5) whether the ALJ erred at step five. (ECF No. 16). Defendant argues the ALJ properly considered the medical record, and did not have a duty to seek clarification from Plaintiff's treating physicians. (ECF No. 18). Defendant argues the ALJ specifically considered Plaintiff's fatigue as part of his consideration of Plaintiff's fibromyalgia. *Id*. Defendant argues the ALJ properly considered Plaintiff's physical impairments and mental impairments, including her treatment records, radiographic imaging, her own reports of her daily activities, work history, the third party opinion offered by Plaintiff's brother, and the opinions of nonexamining physicians. Finally, the Defendant argues the ALJ made a proper step five finding which was supported by vocational expert testimony in response to an appropriate hypothetical. *Id*.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. The ALJ considered and analyzed all of Plaintiff's impairments, and had sufficient information to make a decision. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 25th day of May 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE